# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPHINE KEMATHE**, <br><br> Plaintiff, <br><br> v. <br><br> **RELIANCE STANDARD LIFE INSURANCE COMPANY**, <br><br> Defendant. | Case No. 1:17-cv-00903 (TNM) |

## MEMORANDUM OPINION

Josephine Kemathe seeks to recover benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, claiming that Reliance Standard Life Insurance Company ("Reliance") improperly terminated her disability benefits. Ms. Kemathe overlooks that to qualify for the disability benefits that she seeks, she must prove that she cannot perform the material duties of *any* occupation, not just her old one. She did not do so, so the Defendant's Motion for Summary Judgment will be granted.

## I.

Ms. Kemathe was a respiratory care practitioner at a hospital, but she stopped working in 2014 because of asthma. A.R. 269. She submitted a claim to Reliance for "Total Disability" benefits, and Reliance approved the claim and paid her benefits. Compl. ¶ 18, 20, ECF No. 1. Under Ms. Kemathe's policy, there are two definitions of "Total Disability." A.R. 14. For the first two years when a benefit is payable, the insured is "totally disabled" if she "cannot perform the material duties" of her regular job. *Id.* But after the insured has received benefits for two years, she is "totally disabled" only if she "cannot perform the material duties of Any Occupation." *Id.* In other words, the disability bar is raised after two years.

After paying benefits for two years, Reliance concluded that Ms. Kemathe was no longer "totally disabled" under the policy because she could perform the "material duties" of another job, so Reliance discontinued her benefits as of November 2016. A.R. 246–51. Ms. Kemathe administratively appealed Reliance's decision. A.R. 1404–06. Reliance upheld its decision. A.R. 258–68. Reliance explained that while Ms. Kemathe may have persistent symptoms from asthma, it believed that "the level of severity specific to this condition does not preclude [Ms. Kemathe] from *sedentary* work function." A.R. 266. For instance, Reliance proposed that Ms. Kemathe could work as a telemetry technician, blood bank booking clerk, admissions clerk, information clerk, or appointment clerk. A.R. 1599.

Ms. Kemathe sued Reliance, alleging that its denial of her benefits violated ERISA.[1] Compl. ¶ 1. Reliance now moves for summary judgment. Mem. of Law ISO Mot. for Summ. J. ("Def.'s Mem."), ECF No. 25-2. Naturally, Ms. Kemathe opposes. Mem. in Opp. ("Pl.'s Opp."), ECF No. 30.

**II.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

---

[1] The Court has federal question jurisdiction under 28 U.S.C. § 1131.

The Court must view the facts in the light most favorable to the non-moving party, but her opposition must consist of more than mere unsupported allegations or denials, and it must be supported by affidavits, declarations, or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-moving party must provide evidence that would permit a reasonable factfinder to find in her favor. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987). A "mere . . . scintilla of evidence" in support of the non-movant's position cannot defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

Because Ms. Kemathe's policy does not grant discretion to Reliance, the parties agree that the Court should review the denial of benefits under a *de novo* standard, not the deferential arbitrary and capricious standard sometimes applicable in ERISA cases. *See Pettaway v. Teachers Ins. & Annuity Ass'n of Am.*, 644 F.3d 427, 433 (D.C. Cir. 2011).

**III.**

Ms. Kemathe first asks the Court to consider two documents outside the administrative record: (1) her August 25, 2017 Social Security Administration decision; and (2) her affidavit describing her "Independent Medical Examination." Pl.'s Opp. at 4. She claims that both are relevant to whether Reliance provided her "a full and fair review of her claims." *Id.*

According to the parties, the D.C. Circuit has not determined whether district courts should admit evidence outside the administrative record under *de novo* review. *See* Def.'s Reply at 3, ECF No. 31; Pl.'s Mem. at 3. Regardless, these items do not create a genuine issue of material fact about whether Reliance erred in denying her benefits.

First, the Social Security Administration issued its decision *after* Reliance made its final benefits decision. "Courts review ERISA-plan benefit decisions on the evidence presented to the

3

plan administrators, not on a record later made in another forum." *Block v. Pitney Bowes Inc.*, 952 F.2d 1450, 1455 (D.C. Cir. 1992) (giving no weight to a Social Security Administration determination made after the defendant's decision). The Social Security Administration decision is thus irrelevant to whether Ms. Kemathe received a full and fair review from Reliance.[2]

Ms. Kemathe's affidavit also creates no genuine dispute over whether Reliance gave her a full and fair review before it denied her benefits. She argues that her "Independent Medical Examination" was not truly independent because Dr. Ross Myerson, who conducted the examination, worked for her former employer, MedStar. Pl.'s Opp. at 7. Even so, Reliance—not MedStar—pays disability benefits. Ms. Kemathe has not identified a potential conflict of interest for Dr. Myerson. In her affidavit, Ms. Kemathe claims that Dr. Myerson had "placed [her] on disability," presumably in his role at MedStar. Kemathe Aff. ¶ 5; ECF No. 30-3. Reliance insists that this claim finds no support in the record. Def.'s Reply at 7.

But even if Dr. Myerson did previously conclude that Ms. Kemathe could not work, this only bolsters Dr. Myerson's credibility. That is, he does not reflexively find patients to be able-bodied just to please insurance companies. And his knowledge of her medical history adds weight to his evaluation of her current condition.

Ms. Kemathe also argues that Reliance considered only her asthma but ignored her other disabling conditions, such as her diabetes and high cholesterol. Pl.'s Opp. at 5. But, as Reliance points out, Ms. Kemathe fails to point to *any* evidence that these conditions would keep her from working.

---

[2] And as Reliance points out, the Administrative Law Judge determined only that Ms. Kemathe "is unable to perform more than sedentary work." Exhibit 1 at 4; ECF No. 30-2. That is, the ALJ agrees with Reliance: Ms. Kemathe can perform sedentary work.

4

In short, Reliance is entitled to summary judgment because there is no genuine dispute that Ms. Kemathe failed to prove that she was totally disabled. To qualify for a monthly benefit under her policy, Ms. Kemathe had to submit "satisfactory proof of Total Disability" to Reliance. A.R. 21. Because Reliance had paid her monthly benefits for two years, her policy required her to prove that she could not "perform the material duties of Any Occupation." A.R. 14. Reliance correctly determined that Ms. Kemathe did not do so.

First, Ms. Kemathe's condition seems to have improved over time. For example, in October 2014, Dr. Luis G. Ruiz explained that Ms. Kemathe's asthma "remains controlled" with "no recent exacerbations." A.R. 452. He advised that Ms. Kemathe could "consider working again" if her work environment did not have triggers such as chemicals or dust. *Id.* And in September 2016, Dr. Ajeet G. Vinayak noted that Ms. Kemathe "had been doing pretty well from a respiratory perspective." A.R. 1152. He noted that her "[c]ough exacerbation has resolved," and she had no shortness of breath, no wheezing, and minimal coughing. *Id.* In January 2017, after reviewing her medical records and conducting a personal examination, Dr. Myerson concluded that "her pulmonary complaints have been minimal over the recent past." A.R. 1586.

There is also no genuine dispute that Ms. Kemathe can perform other jobs—even if she cannot return to her work at the hospital. Her asthma is aggravated by certain triggers. A.R. 338. Dr. Ruiz advised her to seek a different work environment because exposure to cleaning chemicals triggers her asthma. A.R. 338; 552. And Dr. Myerson concluded that while Ms. Kemathe should refrain "from exposure to respiratory irritants, exhaust fumes, and other environmental contaminants, . . . she does have work capacity on a full-time basis." A.R. 1587.

5

According to Dr. Myerson, Ms. Kemathe is physically capable of sedentary work. A.R. 1589-90. Reliance suggests that Ms. Kemathe is qualified to work as a telemetry technician, blood bank booking clerk, admissions clerk, information clerk, or appointment clerk. A.R. 1599. And Ms. Kemathe offers no argument for why she cannot perform these jobs. As Reliance points out, this is not a difficult case in which the plaintiff's treating doctor disagrees with an insurance company's medical experts. *Compare Loucka v. Lincoln Nat'l Life Ins. Co.*, 334 F. Supp. 3d 1, 10 (D.D.C. 2018) (explaining that plan administrators do not have to give special weight to the opinion of a claimant's treating physician over other medical professionals). Ms. Kemathe has identified no disagreement among the doctors involved. She does not even argue that she cannot do sedentary work, much less point to evidence to suggest as much. Ms. Kemathe seems to overlook that now she must show that she cannot perform the material duties of any occupation.

In sum, the Court holds that Reliance is entitled to judgment as a matter of law because there is no genuine dispute that Ms. Kemathe is not totally disabled under her policy.

**IV.**

For these reasons, the Defendant's Motion for Summary Judgment will be granted. A separate order will issue.

Dated: February 1, 2019                    TREVOR N. McFADDEN, U.S.D.J.